UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IRVING J. KAZEN, *et al.*, | ) | CASE NO. 1:25-CV-1284 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| UNITED STATES OF AMERICA | ) | **ORDER** |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Pro se* Plaintiffs Irving J. and Bluma Kazen filed this tax refund case pursuant to 26 U.S.C. § 7422 against the IRS following the IRS's denial of their tax refund claim for the 2017 tax year. (ECF No. 1, PageID #3–4). In their complaint, they ask the Court to "allow the[ir] 2017 tax refund claim of $3,588.00, plus interest." (*Id.* at PageID #4).

The Court finds upon its own review that it lacks subject matter jurisdiction in this case. Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). Federal Rule of Civil Procedure 12(h)(3) provides, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Pursuant to 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422, the United States has waived its sovereign immunity with respect to refund suits by taxpayers to recover taxes alleged to have been erroneously or illegally collected. *Abadi v. United States*, 782 F. Supp. 59, 61 (E.D. Mich. 1992);

1

*Batt v. United States*, 976 F. Supp. 1095, 1097 (N.D. Ohio 1997). A taxpayer seeking a refund, however, must first seek relief from the IRS before seeking relief in a federal court. *See* 26 U.S.C. § 7422(a). Section 7422(a) provides: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

The taxpayer must: (1) "duly file" a timely administrative claim for refund or credit; (2) file a claim for tax refund within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever is later, *see* 26 U.S.C. § 6511(a); (3) not file suit "before the expiration of 6 months from the date of filing" the administrative refund claim unless the IRS disallows the claim within the six-month period and the taxpayer sues within two years of receiving notice of the disallowance, *see* 26 U.S.C. § 6532(a)(1); and (4) fully pay the tax or penalty for which the refund is claimed. *See Thompson v. United States Internal Revenue Service*, 2025 WL 1809740, at *3 (W.D. Tenn. July 1, 2025).

Here, Plaintiffs indicate in their pleading that they filed an appeal of the IRS's disallowance of their refund via a letter to the Department of Treasury dated June 20, 2025. (ECF No. 1, PageID #6–8). They also filed this lawsuit on the same date, which is months before the expiration of the six-month waiting period required by 26 U.S.C. § 6532(a)(1).

Accordingly, because Plaintiff's pleading fails to demonstrate compliance with the statutory prerequisites to filing suit, their refund lawsuit is premature, and the Court **DISMISSES** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See Ellis Warren v.*

*Dep't of Treasury*, No. 15-cv-11367, 2015 WL 5166008, at *4 (E.D. Mich. May 6, 2015) (dismissing taxpayer refund suit for lack of subject matter jurisdiction where plaintiff failed to demonstrate compliance with all statutory prerequisites); *Brammer v. United States*, 897 F. Supp. 1022, 1023 (N.D. Ohio 1995) (same).  Plaintiffs may file a new complaint in a new action after satisfying all statutory requirements for filing a taxpayer refund lawsuit.

**IT IS SO ORDERED.**

Date:  September 12, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**